IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **ROBERT S. POWERS, ET AL.,** | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:12CV00039 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **CONSOLIDATION COAL COMPANY,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Benjamin A. Street and Jason D. Gallagher, Street Law Firm, LLP, Grundy, Virginia, for Plaintiffs; James R. Creekmore, Keith Finch, and Blair N.C. Wood, The Creekmore Law Firm PC, Blacksburg, Virginia, and Jonathan T. Blank and Lisa Lorish, McGuire Woods LLP, Charlottesville, Virginia, for Defendant.*

In this diversity civil action the plaintiffs seek damages and injunctive relief against a coal company for placing contaminated water in an inactive mine located on real property in which the plaintiffs claim to be owners of other coal reserves and gas, including coal bed methane.

The defendant, Consolidation Coal Company ("Consolidation"), has filed a Motion to Dismiss Plaintiffs' Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(b)(7) or, Alternatively, for a More Definite Statement

Pursuant to Rule 12(e), which motion has been fully briefed.  For the reasons that follow, the motion will be denied.[1]

As to the defendant's Rule 12(b)(6) argument, it depends in part upon my decision in *Oryn Treadway Sheffield, Jr., Trust v. Consolidation Coal Co.*, 819 F. Supp. 2d 625 (W.D. Va. 2011), *aff'd*, No. 11-2277, 2012 WL 5871628 (4th Cir. Nov. 21, 2012) (unpublished).  But in that case the plaintiffs alleged no injury in fact beyond speculation.  819 F. Supp. 2d at 630.  For example, they did not plausibly allege that the defendant's inundation of the third-party's mine with contaminated water "affected their ability to commercially exploit any [other minerals]." *Id.* at 630-31.  In contrast, the plaintiffs here allege, as one example, that "[a]s to [their] coal bed methane, some portion of the methane has dissolved in the Contaminants Consolidation pumped into and around the Subject Properties thereby making removal of the Contaminants impossible without a significant permanent loss of Plaintiffs' methane."  (Compl. ¶ 25.)  The allegations of the Complaint in this case are sufficient to show their standing to assert their claims.

Moreover, I find that the plaintiffs have adequately set forth the nature and extent of their ownership interests, at least for pleading purposes.

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

I have considered the other grounds of the defendant's Rule 12(b)(6) and likewise found them to be without merit, at least at this stage of the litigation. It may very well be that all or some of the plaintiffs' causes of action will be insufficient as a matter of proof. But at this point, I cannot make that determination, even in light of the heightened pleading requirements imposed by *Twombly* and *Iqbal*.[2]

The defendant also asserts under Rule 12(b)(7) that the plaintiffs have failed to add a necessary party, namely Mary Catherine Kouse, who has filed a similar suit against the defendant in state court, alleging damages to her mineral interests from the same source. Consolidation contends that "[i]t therefore appears that there is some overlap of property interests at stake in each of these separate actions" (Def.'s Reply 8) and thus Kouse is a necessary and indispensable party in this case.

The facts of record are currently inadequate for me to determine whether there are other parties whose joinder is necessary under Federal Rule of Civil Procedure 19(a) and who are indispensable under Rule 19(b). Dismissal of a case on this ground is "a drastic remedy . . . which should be employed only sparingly."

---

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

*Teamsters Local Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 918 (4th Cir. 1999). The court is required to "examine the facts of the particular controversy" before such a determination can be made. *Id.* Moreover, the burden is on the party claiming nonjoinder to demonstrate that a missing party is necessary and indispensable. *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005).

I will deny this ground of the Motion to Dismiss without prejudice to further examination by the court upon motion once the facts of the case are more fully developed.

Finally, I will deny defendant's alternative request under Federal Rule of Civil Procedure 12(e) for a more definite statement of the facts of the Complaint. In particular, the defendant wishes the plaintiffs to set forth the dates of placement of the water in the mine and the dates upon which they discovered this placement, in order to facilitate a determination of whether the claims are time barred. (Def.'s Mem. 18.) As noted above, I find that the Complaint sufficiently sets forth valid causes of action. The statute of limitations is an affirmative defense and a plaintiff is not required to plead its avoidance. *See Gabauer v. Woodcock*, 594 F.2d 662, 665 (8th Cir. 1979). I find that the allegations of the Complaint enable the defendant to reasonably prepare a response. *See* Fed. R. Civ. P. 12(e).

Accordingly, it is **ORDERED** that the defendant's motion (ECF No. 9) is DENIED.

ENTER: January 3, 2013

/s/ James P. Jones
United States District Judge